## GREEN v. NEW ORLEANS PUBLIC SERVICE, Inc.*

No. 16912.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1939.

*Rehearing denied Feb. 6, 1939.

Clarence Dowling, of New Orleans, for appellant.

Alvin R. Christovich, of New Orleans, for appellee.

JANVIER, Judge.

This case results from a collision between an electric street car of defendant and an automobile owned and driven by plaintiff, Robert G. Green, a colored missionary worker. The accident occurred at the corner of Palm Street and Carrollton Avenue in New Orleans at about 6:30 o'clock on the evening of November 4, 1936. The automobile driven by plaintiff was on its way down Palm Street and the street car was going in Carrollton Avenue, from the direction of Canal Street, towards the Mississippi River.

It is contended by plaintiff that, after stopping on Palm Street just before he entered the upper intersection of Carrollton Avenue, he crossed the said upper roadway and was forced to stop on the neutral ground because of another automobile ahead of him which was blocked by other vehicles in the lower roadway of Carrollton Avenue; that, as he was thus stopped on the upper street car tracks, a street car ran into the side of his automobile; that the said collision was caused by inattention on the part of the motorman, who, without noticing the fact that plaintiff's automobile was stopped on the tracks, approached at an excessive speed and crashed into its left side.

Defendant asserts that the street car was proceeding at moderate speed; that the motorman was on the alert, and that suddenly and without warning, plaintiff, Green, drove his automobile hurriedly across the upper roadway of Carrollton Avenue and upon the tracks of defendant company directly in front of the approaching street car when the latter was so near that it could not be brought to a stop.

In the court below there was judgment for defendant and plaintiff has appealed.

The sole issue is one of fact—whether the automobile was stopped on the tracks when the street car was at a distance sufficient to permit of its being stopped, or whether it came upon the tracks suddenly and unexpectedly when the street car was so near that the motorman could not avoid the crash. The evidence overwhelmingly supports defendant's theory of the occurrence.

Richard J. Courcier, a passenger on the street car seated on one of the front cross-seats, stated that he saw Green's automobile go into the intersection at a speed of about twenty-five miles an hour and dash upon the tracks immediately in front of the approaching street car.

R. P. Schultz, Gertrude Joshua, Willie Smith and Harold J. Nungesser, also passengers on the street car, state that when their attention was directed to the impending crash they looked up and did not see any automobiles ahead of the Green car which would have blocked its passage.

Earl Adams, the motorman of the street car, says that he saw Green's automobile as it stopped on Palm Street before entering the intersection; that at that time the street car was 140 or 150 feet away; that he assumed that it would remain in that position of safety until other traffic and the street car had passed and that suddenly, when the street car was about 40 feet from the intersection, he realized that Green had driven his automobile across the roadway and was about to come upon the track directly in front of the approaching car.

Plaintiff's version that his car was blocked on the track by other traffic and that the street car could have stopped is corroborated by two witnesses—Rosa Walker and John H. Anderson. But both of these witnesses, as the record developed, were friends of the plaintiff, and connected with the appearance of both as witnesses were circumstances so remarkable as to create grave doubt as to their veracity. Both state that they were present; that they saw the accident; that they did not know who was involved; that they made no effort to find out, and that later, by a strange chain of circumstances, they were talking to plaintiff about the accident and realized that they had seen it and knew all about it.

Green himself, though he stated on the witness stand that he had been stopped on the tracks by other traffic and that the motorman could have stopped the street car in ample time had he been on the alert, made a statement to a police officer immediately after the accident, the officer testifying that Green at that time had said that "he had stopped for the 'stop' sign and started over and did not see the street car."

Counsel for plaintiff attempted to overcome the effect of this testimony by showing that Green was not rational at that time and did not know what he was saying, but the officer stated that he had gotten from Green considerable other information involving his driver's license and brake tag and other matters of that kind and that he had been entirely rational and had shown clearly that he understood the questions which were being propounded to him.

. We see no reason to discuss the various traffic ordinances which may be involved. It is obvious that the sole, proximate cause of the accident, was the negligence of Green himself in dashing upon the street car track immediately in front of the approaching street car when it was so near that it could not be brought to a stop.

The judgment appealed from is affirmed. Affirmed.

